UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Rodrigo M., | No. 26-cv-1069 (KMM/LIB) |
| Petitioner, | |
| v. | **ORDER** |
| Pamela Bondi, et al., | |
| Respondents. | |

This matter is before the Court on the Petition for a Writ of Habeas Corpus filed by Petitioner Rodrigo M. (Dkt. 1.) For the reasons set forth below, the Court grants Rodrigo M.'s habeas petition in part, and Respondents are required to provide Rodrigo M. with a bond hearing by February 13, 2026.

## BACKGROUND

Rodrigo M. is a citizen of El Salvador and a resident of Baldwin, Minnesota. (*Id.* ¶ 7.) He has lived in the United States since October 2022. (*Id.* ¶ 12.) Rodrigo M. is an avid church-goer and regularly plays soccer. (*Id.* ¶ 14.) He does not have a final order of removal. (*Id.* ¶ 13.) Rodrigo M. was arrested on February 4, 2026 by federal immigration authorities. (*Id.* ¶ 15.) While at a restaurant, two patrons entered the establishment and locked the doors. (*Id.*) Soon after, immigration agents arrived at the restaurant and the two patrons revealed themselves to also be immigration officers "disguised" in plain clothes. (*Id.*) Those two officers opened the door for the arriving officers. (*Id.*) At the time of the

1

Petition's filing, Rodrigo M.'s location was unknown. (*Id.*) He seeks either a bond hearing or immediate release. (*See id.* ¶ 36.)

Respondents' argue that Petitioner's detention is justified pursuant to 8 U.S.C. § 1225(b)(2)'s mandatory detention and pursuant to § 1226(a) because he was arrested pursuant to a warrant. (Dkt. 4.) They attach a copy of an arrest warrant for Rodrigo M. (Dkt. 4-1.)

## DISCUSSION

### I.   8 U.S.C. § 1225(b)(2)

This case is one of many filed in recent months in this district challenging the application of § 1225(b)(2) to aliens who are already in the United States, either having entered without inspection or having been previously released pursuant to 8 U.S.C. § 1226 or another statute. This Court has previously held that, because such people are not "seeking admission," as set forth in § 1225(b)(2), that provision—which mandates detention—does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The same legal conclusion has been adopted by countless district courts around the country in similar cases, by the only Court of Appeals to have decided the issue, and by many courts in this district. The Respondents' position is that *Belsai D.S.* and the many other cases reaching the same conclusion were wrongly decided. The government points out, correctly, that other courts have ruled differently and that the issue is currently pending before the Eighth Circuit, and asks this Court to reconsider its previous decision.

Although the Court has considered the arguments raised by the government, and reviewed the authority cited, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the strong majority of courts to have considered the matter. Of course, these issues are complex, and the government's arguments are not frivolous. But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Rodrigo M. or others who are similarly situated, and his mandatory detention under that provision is not supported by the law. Instead, he is entitled to a bond hearing.

## II.   8 U.S.C. § 1226(a)

In their Response, Respondents attach an arrest warrant for Rodrigo M. dated February 4, 2026. (Dkt. 4-1.) Because he was arrested pursuant to such a warrant, Respondents argue, Rodrigo M. is detained under § 1226(a), precluding his immediate release. (Dkt. 4 at 1–2.) Petitioner neither disputes the validity of the warrant nor its legal significance and does not suggest that it doesn't satisfy the requirements of § 1226(a). Section 1226(a) states: "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Because Rodrigo M.'s arrest was pursuant to a warrant, Respondents are correct that § 1226(a) provides them the authority to detain him. However, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961 (D. Minn. 2025) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1),

3

1236.1(d)(1))). Accordingly, while Rodrigo M. is not entitled to immediate release, he is entitled to a bond hearing.

## ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's petition for a writ of habeas corpus is **GRANTED IN PART** and **DENIED IN PART**.

2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. **ORDERS** Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) **by February 13, 2026**.

4. **ORDERS** Respondents to file an update with the Court **by noon on February 14, 2026** demonstrating that such a hearing has taken place.

The Remainder of Petitioner's petition is **DENIED WITHOUT PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 8, 2026

*s/Katherine Menendez*  
Katherine Menendez  
United States District Judge